UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN P. DOWDNEY, JR.<br><br>              Plaintiff,<br><br>    vs.<br><br>JAMES E. THATCHER, ELDON VAIL, RICHARD MORGAN, MAGGIE MILLER-STOUT and LISA BRIDGES,<br><br>              Defendants. | NO.  CV-08-337-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's "Objection to Magistrate Judges [sic] Report and Recommendations to Dismiss First Amended Complaint" (Ct. Rec. 12).  Plaintiff, a Washington State prisoner currently housed at the Prairie Correctional Facility in Appleton, Minnesota, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

On April 6, 2009, Magistrate Judge Imbrogno found Plaintiff's allegation his transfer from Washington to Minnesota, which has precluded visits with his spouse and young child, did not invoke due process protections under *Sandin v. Conner,* 515 U.S. 472 (1995). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976)(the Due Process Clause does not protect every change in the conditions of confinement, not

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 1

even ones having a "substantial adverse impact" on the prisoners); *White v. Lambert*, 370 F.3d 1002, 1013 (9th Cir. 2004)(inmate has no state-created liberty interest in avoiding transfer to out-of-state privately run prison).

Mr. Dowdney argues Washington State has created a "liberty interest" which is protected by the due process clause. He contends, "in Washington State visiting family and maintaining relationships is by statute and D.O.C. policy an ordinary incident of prison life . . . ." Contrary to Plaintiff's assertions, however, State legislatures do not create or define "ordinary incidents of prison life" peculiar to their state.

The interference with visitation privileges does not present "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *See Sandin,* 515 U.S. at 486; *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) ("[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence'"); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (incarceration by design intrudes on the freedom "to be with family and friends and to form the other enduring attachments of normal life"); *cf. Olim v. Wakinekona*, 461 U.S. 238 (1983) (upholding incarceration several hours of flight away from home).

Clearly, inmates do not possess a liberty interest in avoiding transfer to an out-of-state facility regardless of their marital or parental status. Having considered Plaintiff's objections and the record as a whole, **IT IS ORDERED** the Report and Recommendation (Ct.

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 2

Rec. 11) is **ADOPTED in its entirety,** and the First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this      28th    day of April, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 3